**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JORGE RAUL VEGA GARCIA,

    Defendant - Appellant.

No. 25-6087
(D.C. No. 5:24-CR-00130-SLP-11)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **McHUGH**, and **CARSON**, Circuit Judges.

---

Jorge Raul Vega Garcia pleaded guilty to one count of possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 180 months in prison, which was within the advisory Sentencing Guidelines range of 168 to 210 months. Mr. Vega Garcia seeks to appeal his sentence.

The government filed a motion to enforce the appeal waiver contained in his plea agreement. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Mr. Vega Garcia's counsel responded, saying it would be

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

frivolous to oppose the government's motion. *See Anders v. California*, 386 U.S. 738, 744 (1967). Consistent with the procedure outlined in *Anders*, we invited Mr. Vega Garcia to file his own response to show why we should not enforce the appeal waiver, but he has not done so.

Under these circumstances, our duty is to examine the record and decide whether the appeal is indeed frivolous. *See id.* We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. All three considerations support enforcing the waiver here.

*Scope of the waiver.* Mr. Vega Garcia seeks to appeal his sentence, but he waived the right to appeal his sentence unless it exceeded the Sentencing Guidelines range. Because his sentence was within that range, his waiver covers this appeal.

*Knowing and voluntary waiver.* The plea agreement and the plea colloquy show that Mr. Vega Garcia knowingly and voluntarily waived his right to appeal.

*Miscarriage of justice.* Enforcing an appeal waiver will result in a miscarriage of justice only if: (1) the district court relied on an impermissible factor, such as race; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.* at 1327. Nothing in the record suggests that enforcing the appeal waiver will cause a miscarriage of justice.

2

We grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court

Per Curiam